UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID WILLIAM SHAW,

    Petitioner,

v.                                                        Case No.:  2:19-cv-599-FtM-38MRM

UNITED STATES ATTORNEY FOR
THE MIDDLE DISTRICT OF
FLORIDA and DIRECTOR OF ICE,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner David William Shaw's Petition for Writ of Mandamus filed August 1, 2019 (Doc. 1).  Respondent the United States filed a response in opposition on September 18, 2019 (Doc. 12) and Petitioner filed a reply (Doc. 14).  For the following reasons, the Court dismisses the Petition for Writ of Mandamus.

Shaw is a deportable alien who has completed his criminal sentence but remains civilly detained at the Florida Civil Commitment Center awaiting a civil commitment trial under Florida's Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913.[2]  Shaw seeks an order from the Court to compel federal officials to immediately deport him to the United Kingdom.  Respondent acknowledges a Department of Homeland Security ICE Immigration Detainer–Notice of Action was filed with the Florida Civil Commitment Center

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Petitioner is awaiting trial on a Verified Petition for Involuntary Civil Commitment filed on December 20, 2018 in the Ninth Judicial Circuit in case no. 2018-MH-3320-1.  (Doc. 12 at 2).

but submits the Court lacks jurisdiction to order Petition's release from the State's physical custody and order immigration officials to immediately deport him. In the alternative, Respondent argues the writ must be denied because Shaw has failed to sustain his burden to warrant the Court granting mandamus relief.

Title 28 U.S.C. § 1361 vests this Court with jurisdiction to compel an officer or employee of the United States or any federal agency to perform a duty owed to the plaintiff. A writ of mandamus is appropriate only when: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Jurisdiction, however, does not lie under the federal mandamus statute to compel an official to perform a discretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). An immigration official's decision to initiate deportation or removal proceedings is a discretionary decision. 8 U.S.C. § 1231. Further, no private cause of action can be brought to compel the removal of any alien. *Id.*, § 1231(a) (4) (D). The Court also lacks jurisdiction to consider Petitioner's claim under 8 U.S.C. § 1252 (g). The Eleventh Circuit has held:

> Section 1252(g) is unambiguous: it bars federal courts' subject-matter jurisdiction over any claim for which the decision or action of the Attorney General (usually acting through his subordinates) to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim.

*Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013).

Accordingly, it is now

**ORDERED:**

Petitioner's Petition for Writ of Mandamus (Doc. 1) is **DISMISSED for lack of jurisdiction.** .

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of December, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record